# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER,<br><br>             Plaintiff,<br><br>      v.<br><br>YATES, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-01401- LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS YATES, WILLIAMS, SHANNON AND VOSS BE DISMISSED FROM THE ACTION<br><br>(Doc. 20) |

Plaintiff Christopher S. Rider ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 14, 2007.

On June 6, 2008, the Magistrate Judge filed a Findings and Recommendations recommending that defendants Yates and Grannis be dismissed from this action, and that this action proceed only against defendants Scott and Greene. The Findings and Recommendations was served on plaintiff and contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Rather than file an Objection to the Findings and Recommendations, plaintiff instead filed a first amended complaint, which again names Yates, Scott and Greene, as well as three additional individuals, as defendants. Because plaintiff re-named Yates as a defendant in his first amended complaint, the court by separate order vacated the Findings and Recommendations. The court will now screen plaintiff's first amended complaint.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Summary of Plaintiff's First Amended Complaint

Plaintiff is currently housed at High Desert State Prison in Susanville, California. The events giving rise to the claims at issue in this action allegedly occurred at Pleasant Valley State Prison, where plaintiff was previously incarcerated. Plaintiff names Warden James Yates, Assistant Warden Williams, Sergeant N. Greene, J.L. Scott, and Appeals Co-ordinators Voss and Shannon as defendants. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff alleges that on October 26, 2006, defendants Greene and Scott removed a plaque of plaintiff's God from the wall of his cell, on the grounds that it was too big. Plaintiff states that the plaque is a religious artefact. Plaintiff contends that he is prevented from doing rituals and

ceremonies and practicing his religion on a daily basis as a result.  Plaintiff states that he wrote to defendants Voss, Shannon, Yates and Williams but that they did not reply to his letters. Plaintiff alleges that they are "accessories after the fact".

The court cannot find that plaintiff's first amended complaint fails to state a cognizable claim for relief as against defendants Greene and Scott.

However, plaintiff fails to state a cognizable claim as against defendants Shannon, Voss, Yates or Williams.

### A. Supervisory Liability - Defendants Yates and Willaims

As plaintiff was previously informed, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendant Yates nor Williams personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.  Plaintiff's allegation that defendants Williams and Yates did not respond to his letter does not rise to the level of a constitutional violation.  Plaintiff again fails to state a claim against defendant Yates, and also fails to state a claim against defendant Williams.

///

B.       Inmate Appeals Process - Defendants Voss and Shannon

Plaintiff identifies defendants Voss and Shannon as Appeals Co-ordinators. Plaintiff states that he wrote to both about the events giving rise to this claim.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Plaintiff fails to state any cognizable claims for relief under section 1983 as against defendants Voss and Shannon.

**III.    Conclusion**

The court cannot find that plaintiff's allegations do not give rise to cognizable claims for relief as against defendants Scott and Greene. However, the court finds that plaintiff's allegations do not give rise to any claims for relief as against defendants Yates, Williams, Voss or Shannon. Accordingly, it is HEREBY RECOMMENDED that:

1.    This action proceed only against defendants Scott and Greene; and

2.    Defendants Yates, Williams, Voss and Shannon be dismissed from this action, for plaintiff's failure to state any claims upon which relief may be granted as against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).

4      IT IS SO ORDERED.

5      Dated:  **August 11, 2008**                /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE