# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. RIDER, | CASE NO. 1:07-cv-01401-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| JAMES YATES, et al, | (Doc. 36) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

**I.      Findings and Recommendations**

Plaintiff Christopher S. Rider ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, et seq.  On September 14, 2007, Plaintiff filed his original complaint.  (Doc. 1.)  On June 6, 2008, the Court found service of the complaint appropriate and forwarded service documents for Plaintiff to complete.  (Doc. 19.)  On June 12, 2008, Plaintiff filed his first amended complaint.  (Doc. 20.)  On August 13, 2008, the undersigned issued Findings and Recommendations recommending that this action proceed only against Defendants Scott and Greene, both of whom have appeared in this action.  (Doc. 24.)  On February 27, 2009, the District Judge assigned to this case issued an order dismissing Plaintiff's first amended complaint and granting Plaintiff leave to file a second amended complaint within thirty days.  (Doc. 33.)  On April 9, 2009, Plaintiff filed his second amended complaint.  (Doc. 36.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

**II.     Summary of Second Amended Complaint**

Plaintiff is currently incarcerated at High Desert State Prison. Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action allegedly occurred. Plaintiff names the following defendants: Timothy M. Lockwood, head of the Department of Corrections; James A. Yates, former warden at PVSP; correctional officers S. Deathridge and A. Rangel; M. Davis; Shannon and Voss, appeals coordinators; Sgt. N. Greene; Lt. J. L. Scott; and Sgt. Huckabee.[1] Plaintiff also names associate warden Williams in the body of his complaint.

Plaintiff alleges that on March 23, 2006, Plaintiff was housed with a transgender inmate.

---

[1] Plaintiff makes no allegations against M. Davis in his second amended complaint. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff thus fails to state a claim against M. Davis.

The transgender inmate engaged in sexual activity with another inmate, who happened to have a priority pass. Because the inmate with the priority pass was not where he was supposed to be, prison staff came looking for him. Defendant Rangel discovered the inmate's presence in Plaintiff's cell. All three inmates were then handcuffed and taken to the program office. Defendants Rangel and Deathridge entered the cell and trashed the property there, including Plaintiff's Book of Shadows. The Book of Shadows is a sacred book for Plaintiff's religious beliefs as a Satanist. Defendant Sgt. Huckabee stood by and watched. Plaintiff discovered the destruction of his Book of Shadows and requested via 602 inmate appeal that his Book of Shadows be replaced. The formal level responded by giving Plaintiff some typing paper and a legal binder. Defendant Lt. Scott stated that she could not replace the book because she did not know where to acquire another one and even if she did, she would not replace it because Satanism is not an established religion within the State of California.

Plaintiff alleges that the policy of taking away religious artifacts from practitioners of pagan religions was handed down from Defendant Lockwood to Defendant Yates, Shannon, Voss, Scott, Williams, and N. Greene, who then passed it down to Rangel and Deathridge, who committed t he violation. Defendants Yates, Voss, and Shannon failed to act to prevent a violation but instead enforced the policy.

Plaintiff alleges violations of the First Amendment, the Fifth Amendment, the Eighth Amendment, the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act of 2000. Plaintiff seeks injunctive relief and monetary damages.[2]

**III.   Discussion**

    **A.   Free Exercise of Religion**

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S.

---

[2] Plaintiff requests relief on behalf of his former cell mate at PVSP. Plaintiff is not a lawyer licensed to practice law in California and may not represent any other individuals in this action. See Local Rule 83-183(a); Fed. R. Civ. P. 23(a)(4); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1986).

342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974); Clement v. Cal. Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); see also Beard v. Banks, 548 U.S. 521, 526 (2006). Courts should accord prison officials great deference when analyzing the constitutional validity of prison regulations. See Beard, 548 U.S. at 528-30; Overton v. Bazzetta, 539 U.S. 126, 132 (2003).

Plaintiff alleges that Defendants Rangel and Deathridge, under the direct supervision of Sgt. Huckabee, destroyed Plaintiff's religious property. Plaintiff states a cognizable Free Exercise claim against Defendants Rangel, Deathridge, and Huckabee.

Plaintiff also alleges that Defendant Scott failed and refused to replace Plaintiff's religious property. Plaintiff states a cognizable Free Exercise claim against Defendant Scott.

**B.    Due Process Clause**

Plaintiff alleges a violation of due process when his religious property was destroyed by Defendants Rangel and Deathridge under the direct supervision of Sgt. Huckabee. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of

4

the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California provides an adequate postdeprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff states a cognizable due process claim regarding his property against Defendants Rangel, Deathridge, and Huckabee.

### C.     RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff has sufficiently alleged a violation of RLUIPA against Defendants Huckabee, Rangel, Deathridge, and Scott.

### D.     Policy Of Discrimination Against Paganism

Plaintiff alleges a policy of removing religious property from pagans, started by Defendant Lockwood, and handed down to Defendants Yates, Shannon, Voss, Scott, Williams, and N. Greene. Plaintiff's allegation of a policy of discrimination is not sufficient to meet the plausibility standard for pleadings in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). For a complaint to state a

claim, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). Here, Plaintiff has not plead sufficient facts to meet a finding of plausibility as to this claim. While Plaintiff has alleged that his religious property was destroyed, Plaintiff fails to link this destruction to any type of policy to take away religious property from pagans.

Furthermore, under § 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has stated a cognizable claim against Defendants Scott and Huckabee, but fails to state any other claims against any other supervisory Defendants. Plaintiff thus fails to state a claim against Defendants Lockwood, Yates, Shannon, Voss, Williams, and N. Greene.

### E. Other Claims

Plaintiff alleges a violation of the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since Plaintiff makes allegations only against state defendants, Plaintiff fails to state a cognizable Fifth Amendment due process claim. Plaintiff does not allege any other facts that implicate the Fifth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v.

Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Here, Plaintiff's deprivation of religious property does not implicate the Eighth Amendment.

     "The Equal Protection Clause of the Fourteenth Amendment provides that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyer v. Doe, 457 U.S. 202, 216 (1982)); Shaw v. Reno, 509 U.S. 630 (1993).  Prison officials must treat all religions equally, and not favor one religion over another.  Employment Div. v. Smith, 494 U.S. 872, 918 (1990).  A prisoner must have a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts."  Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972)).  Prisons need not provide identical accommodations to different faiths, see Cruz, 405 U.S. at 322 n.2, but must make "good faith accommodation of the [prisoners'] rights in light of practical considerations."  Allen v. Toombs, 827 F.3d 563, 569 (9th Cir. 1987) (citing Gittlemacker v. Prasse, 428 F.3d 1, 4 (3rd Cir. 1970)).  Religious groups must be similarly situated to implicate the equal protection clause.  Id.  If the burden imposed by one prisoner's religion exceeds the burden imposed by another prisoner's religion, those prisoners are not similarly situated and do not implicate an equal protection claim.  DeHart v. Horn, 390 F.3d 262, 272 (3rd Cir. 2004).  Plaintiff alleges that Defendant Scott would not replace Plaintiff's religious property because his religion is not established in the state.  Plaintiff has stated an Equal Protection claim against Defendant Scott.

//

//

IV.     **Conclusion and Recommendations**

Based on the foregoing, the Court HEREBY RECOMMENDS the following:

1. This action proceed against Defendants Huckabee, Scott, Rangel, and Deathridge for violation of the Free Exercise Clause of the First Amendment and The Religious Land Use and Institutionalized Persons Act of 2000; against Defendants Huckabee, Rangel, and Deathridge for violation of the Due Process Clause of the Fourteenth Amendment for Plaintiff's religious property; and against Defendant Scott for violation of the Equal Protection Clause of the Fourteenth Amendment; and

2. Defendants Lockwood, Yates, Shannon, Voss, Williams, M. Davis and N. Greene are dismissed from this action for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **October 27, 2009**             **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE